**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 07-4298**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

CHRISTOPHER KELLY,

Defendant - Appellant.

Appeal from the United States District Court for the District of Maryland, at Baltimore.   Catherine C. Blake, District Judge. (1:06-cr-00222-CCB)

Submitted:  October 18, 2007          Decided:  October 23, 2007

Before WILKINSON, NIEMEYER, and KING, Circuit Judges.

Affirmed in part; dismissed in part by unpublished per curiam opinion.

Richard T. Brown, Washington, D.C., for Appellant.   Rod J. Rosenstein, United States Attorney, Michael C. Hanlon, Assistant United States Attorney, Baltimore, Maryland, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Christopher Kelly appeals his conviction and twenty-two-year sentence imposed following his guilty plea to conspiracy and interference with commerce by robbery and aiding and abetting, in violation of 18 U.S.C. §§ 2, 1951 (2000), and using, carrying, and brandishing a firearm in furtherance of a crime of violence, in violation of 18 U.S.C.A. §§ 2, 924(c)(1)(A)(ii) (West Supp. 2007). Kelly's attorney filed a brief pursuant to Anders v. California, 386 U.S. 738, 744 (1967), stating that there were no meritorious issues for appeal, but asserting that the plea was entered under duress and therefore questioning the validity of Kelly's conviction and waiver of his right to appeal the sentence. Kelly was informed of his right to file a pro se supplemental brief, but he has not done so. We affirm Kelly's convictions and dismiss the appeal of his sentence.

A defendant may waive the right to appeal if that waiver is knowing and intelligent. United States v. Blick, 408 F.3d 162, 169 (4th Cir. 2005). Generally, if the district court fully questions a defendant regarding the waiver of his right to appeal during the Fed. R. Crim. P. 11 colloquy, the waiver is both valid and enforceable. United States v. Johnson, 410 F.3d 137, 151 (4th Cir. 2005); United States v. Wessells, 936 F.2d 165, 167-68 (4th Cir. 1991). The question of whether a defendant validly waived his right to appeal is a question of law that we review de novo.

<u>Blick</u>, 408 F.3d at 168. Our review of the record leads us to conclude that Kelly knowingly and voluntarily waived the right to appeal whatever sentence was imposed. We therefore dismiss Kelly's appeal of his sentence.

Although the waiver provision in the plea agreement precludes our review of the sentence, it does not preclude our review of any errors in Kelly's convictions that may be revealed by our review pursuant to <u>Anders</u>. We find that Kelly's guilty plea was knowingly and voluntarily entered after a thorough hearing pursuant to Rule 11. Kelly was properly advised of his rights, the offenses charged, the mandatory minimum sentence, and maximum sentence for the offenses. The court also determined that there was an independent factual basis for the plea and that the plea was not coerced or influenced by any promises. <u>See</u> <u>United States v. DeFusco</u>, 949 F.2d 114, 119-20 (4th Cir. 1991). Kelly's unsupported claims of duress or coercion are insufficient to overcome his sworn statements to the contrary made during the plea hearing. <u>See</u> <u>id.</u> at 119; <u>United States v. Morrow</u>, 914 F.2d 608, 613-14 (4th Cir. 1990). We affirm Kelly's convictions.

In accordance with <u>Anders</u>, we have reviewed the entire record in this case and have found no meritorious issues not covered by the waiver. We therefore affirm Kelly's convictions, and dismiss his appeal of his sentence. This court requires that counsel inform his client, in writing, of his right to petition the

Supreme Court of the United States for further review. Accordingly, we deny counsel's motion to withdraw from representation. If the client requests that a petition be filed, but counsel believes that such a petition would be frivolous, counsel then may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on the client. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART;
DISMISSED IN PART